There was, in my opinion, a substantial compliance with all requirements for the effecting of the optional coverage provided for by the policy.
The contractual provision in question recites that any person using the insured automobile with the permission of the named subscriber may be entitled to indemnity if such subscriber "shall in writing so direct within thirty days after the presentation of a claim." It conclusively appears that the driver Stahl was using the vehicle with the permission, at least impliedly, of the subscriber. The record further discloses that on the night of the unfortunate occurrence defendant, through the medium of a telegram, was notified of the accident and that the machine at the time was being driven by the subscriber's said nephew, Stahl. The insurance company's local representative sent the telegram, following the subscriber's request that he do so. A few days thereafter, certainly within thirty days, defendant received from the subscriber a written report, executed on the usual company forms, detailing the facts and circumstances of the mishap. Presumably this instrument likewise gave the information that Stahl was the driver.
It was not essential that the subscriber should dispatch a formal communication to defendant, using certain well chosen or particular words, in order to effectuate the optional coverage. A timely expression in writing of his intention to exercise his privilege was the only requirement. The mentioned writings and particularly the telegram, I think, evidenced that intention. There was no necessity for mentioning the name of Stahl in the telegram, except to secure for him the contracted indemnity.
Therefore, I respectfully dissent. *Page 358